**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| 425 Third Street SW, Suite 800 | ) | |
| Washington, DC 20024, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| 950 Pennsylvania Avenue NW | ) | |
| Washington, DC 20530-0001, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**COMPLAINT**

Plaintiff Judicial Watch, Inc. ("Plaintiff") brings this action against Defendant U.S.

Department of Justice ("Defendant") to compel compliance with the Freedom of Information

Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3.       Plaintiff Judicial Watch, Inc. ("Plaintiff") is a not-for-profit, educational

organization incorporated under the laws of the District of Columbia and headquartered at 425

Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency,

accountability, and integrity in government and fidelity to the rule of law.  As part of its mission,

Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes

the responses it receives and disseminates its findings and any responsive records to the

American public to inform them about "what their government is up to."

4.      Defendant U.S. Department of Justice ("Defendant") is an agency of the United

States Government and is headquartered at 950 Pennsylvania Avenue NW, Washington, DC

20530-0001.   On information and belief, Defendant has possession, custody, and control of

records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On September 1, 2017, Plaintiff submitted a FOIA request to the FBI, a

component of Defendant, seeking the following records:

> **1.      All drafts of James Comey's statement closing the
> Clinton email investigation, from his original draft in
> April or May 2016 to the final version.**
>
> **2.      All records of communications between or among FBI
> officials regarding Comey's draft statement closing the
> Clinton email investigation, including all memoranda
> and/or analyses of the factual and/or legal justification
> for his July 5, 2016 announcement regarding his
> decision not to seek Mrs. Clinton's prosecution.**
>
> **3.      All records previously provided to the Office of Special
> Counsel in the course of its now-closed Hatch Act
> investigation of Mr. Comey.**

Plaintiff's FOIA request mirrored an August 30, 2017 request served by the U.S. Senate

Committee on the Judiciary.

6.      The FBI acknowledge receipt of Plaintiff's request in two separate letters dated

September 15, 2017.   One letter assigned the first two parts of the request FOIPA Request No.

1384680-000 and identified the subject as "Drafts of Director Comey's Statement regarding E-

mail Server Investigation (July 5, 2016)."   The other letter assigned the third part of the request

FOIPA Request No. 1384687-000 and identified the subject as "FBI Records provided to Office of Special Counsel regarding Hatch Act Investigation."

7.       On October 16, 2017, the FBI issued a final determination on FOIPA Request No. 1384680-000, withholding responsive records in full or redacting all or nearly all substantive, responsive information.

8.       On October 23, 2017, Plaintiff administratively appealed the FBI's final determination on FOIPA Request No. 1384680-000.

9.       On June 14, 2018, Defendant's Office of Information Policy affirmed the FBI's final determination on FOIPA Request No. 1384680-000.

10.      With respect to FOIPA Request No. 1384687-000, the FBI has failed to do any of the following within the time period required by FOIA:  (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records it intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

11.      Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

12.      Defendant is violating FOIA by failing to produce the requested records.

13.      Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

14.      Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's request and/or demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records to Plaintiff's request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  June 19, 2018

Respectfully submitted,

*/s/ Paul J. Orfanedes*
Paul J. Orfanedes
D.C. Bar No. 429716
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Phone: (202) 646-5172
Email: porfanedes@judicialwatch.org

*Counsel for Plaintiff*